DECISION AND JOURNAL ENTRY
Appellant-defendant Lane Christopher Mikaloff appeals from his adjudication as a sexual predator in the Summit County Court of Common Pleas. This Court affirms.
In January 1987, Mikaloff pled guilty to six counts of aggravated burglary with accompanying specifications, to four counts of aggravated robbery, to one count of robbery, to one count of felonious assault, and to three counts of rape. The trial court sentenced Mikaloff accordingly. Mikaloff was still serving his sentence when the court of common pleas held a hearing on June 7, 1999, to determine whether he should be classified as a sexual predator pursuant to R.C. Chapter 2950. At the conclusion of the hearing, the trial court found Mikaloff to be a sexual predator.
Mikaloff timely appeals this designation, asserting three assignments of error.
 Assignment of Error No. I The Court erred as a matter of law when it assigned Appellant the status of Sexual Predator without accepting any evidence for review as required by R.C. 2950.09.
In his first assignment of error, Mikaloff argues that the trial court erred by labeling him a sexual predator because the state of Ohio failed to show by clear and convincing evidence that he was likely to engage in one or more sexually oriented offenses in the future and because the court failed to mention any of the factors warranting such a classification. This Court disagrees with both contentions.
A sexual predator is defined under R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Under R.C.2950.09(B)(2), a trial court must consider all relevant factors in determining whether an individual is a sexual predator, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C.2950.09(C)(2)(b). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the trier of fact a firm belief or conviction as to the matter to be established. State v.Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported. "The clear and convincing standard requires more than a preponderance of the evidence, but does not rise to the level of proving a proposition beyond a reasonable doubt." Id.
Mikaloff does not dispute that he was convicted of sexually oriented offenses.[1] He does dispute, however, whether the state sufficiently proved the remainder of its case. In meeting its burden of proof, the state was not required to satisfy each of the statutory factors to be considered pursuant to R.C. 2950.09(B)(2); rather, the state merely had to prove by clear and convincing evidence that Mikaloff is likely to commit one or more sexually oriented offenses in the future. See State v. Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported. This Court's review of the transcript of the proceedings below reveals that the state produced clear and convincing evidence indicating that Mikaloff is a sexual predator. In presenting the contents of the report of the detective who had investigated the case, the state explained that Mikaloff and a codefendant had broken into the residence of the female victim, who had been at home alone. The men proceeded to tie the woman up and then took turns raping her. Neither defendant acted to stop the rapes, the state explained, despite having had the opportunity to do so; rather, each man watched as the other man raped the bound victim. The record further discloses that Mikaloff and his codefendant had also robbed and burglarized the victim, and that they had employed a firearm in the commission of these acts. Weighing this information, the trial court specifically noted the nature of the rapes and the psychological damage to the victim, as well as referencing "all the other factors of this offense," before proceeding to adjudicate Mikaloff a sexual predator. This adjudication was then journalized in a June 10, 1999 entry in which the trial court specifically noted its consideration of "the record, statements of counsel, and the criteria set forth in [R.C.] 2950.09 and H.B. 180[.]"
Further, given the trial court's summary of the evidence and the court's journalized statement that it had considered the R.C.2950.09 factors, Mikaloff's assertion on appeal that the trial court failed to make any mention of the factors is not well taken. This Court has previously explained that "[t]he trial court [is] not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision." (Emphasis added.) State v. Osborne (July 28, 1999), Summit App. No. 18848, unreported.
The record reflects that there was sufficient evidence to permit the court to reasonably determine that Mikaloff is a sexual predator and that the trial court expressly noted that it had considered those factors identified in R.C. 2950.09(B)(2). Therefore, the first assignment of error is overruled.
 Assignment of Error No. II The Court erred to the prejudice of the Appellant in failing to advise him that he had the substantive right to petition the Court for a future review of his label of Sexual Predator.
In his second assignment of error, Mikaloff argues that the trial court erred by not informing him that he could later petition to have his status as a sexual predator reviewed. In support of this contention, Mikaloff cites to Crim.R. 11 and argues that the right to petition for review of his classification is a substantive right similar to those rights implicated in pleading to a criminal charge. Therefore, he reasons, the trial court is required to inform sexual predators of their ability to petition under R.C.2950.09(D) for removal of the sexual predator classification.[2]
Mikaloff's analogy is flawed. Crim.R. 11 involves criminal proceedings in which punishment is imposed, whereas proceedings under R.C. 2950.09 do not involve the imposition of punishment. See State v. Cook (1998), 83 Ohio St.3d 404, 423. Further, unlike the explicit mandates in Crim.R. 11 calling for a court to inform a defendant of the effects of a plea of guilty or no contest on his or her fundamental rights, see Crim.R. 11(C), (D), and (E), R.C. 2950.09 does not contain any such explicit mandate; contrary to Mikaloff's suggestion, "the right to be free from such reporting" is not "akin to these other constitutional and statutory rights" involved in the acceptance of a plea in criminal proceedings. If the General Assembly intended to impose a statutory duty upon trial courts, it would have done so. The statute contains no such mandate, however, and this Court declines to accept Mikaloff's invitation to encroach upon the legislative province of the General Assembly. The second assignment of error is overruled.
 Assignment of Error No. III
Chapter 2950 of the Revised Code is unconstitutional.
In support of his final assignment of error, Mikaloff presents the following text, reproduced in its entirety:
 The Appellant raises by reference, and for the purposes of the record, the arguments raised against the constitutionality of the offending chapter in State of Ohio v. Cook, 83 Ohio St.3d 404, (1983) [sic]. (The Appellant is aware of the outcome of this argument and would respectfully rely on the existing law and argument in the State of Ohio.)
This Court finds Mikaloff's "argument" wholly unpersuasive. First, this Court may disregard an assignment of error if an appellant has not identified in the record the error of which the appellant complains or if an appellant fails to argue the assigned error separately in the brief. App.R. 12(A)(2). Second, even if this Court were to accept Mikaloff's dubious attempt at argument by incorporation as presenting issues for appellate review, the transcript of the hearing reveals that, construing his argument in the broadest sense possible, Mikaloff raised an objection to the perceived retroactivity of R.C. Chapter 2950. As Mikaloff concedes, however, his argument is contrary to the Supreme Court of Ohio's holding in Cook. Id. at paragraphs one and two of the syllabus. Mikaloff states in the conclusion to his appellate brief that he "respectfully disagrees with [Cook] and asks this court to disregard that case." This Court is neither inclined nor free to do so. As this Court has previously explained, and as counsel should remain cognizant of in fashioning arguments for appeal, "[a]ll trial courts and intermediate courts of appeals are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decisions. Courts are not to change, modify or ignore that law." (Citations omitted.)State v. Criss (Jan. 12, 2000), Summit App. No. 19298, unreported. Accordingly, the third assignment of error is overruled.
The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ DONNA J. CARR, FOR THE COURT.
BATCHELDER, P.J. and WHITMORE, J. CONCUR.
[1] Mikaloff's three R.C. 2907.02(A)(1) rape convictions are classified as sexually oriented offenses under R.C. 2950.01(D)(1).
[2] R.C. 2950.09(D) provides that a defendant who has been adjudicated a sexual predator "may petition the judge who made the determination that the offender was a sexual predator, or that judge's successor in office, to enter a determination that the offender no longer is a sexual predator."